# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| DEBRA SCOTT, <br><br> Plaintiff, <br><br> v. <br><br> PREMIERE CREDIT OF NORTH AMERICA, LLC, <br><br> Defendant. | Civil Action No.: <br><br><br> JURY TRIAL DEMANDED |

# COMPLAINT

DEBRA SCOTT ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PREMIERE CREDIT OF NORTH AMERICA, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Benbrook, Texas 76109.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 2002 Wellesley Blvd # 100, Indianapolis, IN 46219.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a debt from Plaintiff.

10. The principal purpose of Defendant's business is debt collection.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant was attempting to collect an alleged consumer debt from Plaintiff related to a student loan.

13. Beginning in or around October or November 2016 and continuing through in or around December 2016, Defendant contacted Plaintiff by calling her cellular telephone in its attempts to collect the alleged debt.

14. Defendant has placed telephone calls to Plaintiff from (855) 587-9041. The undersigned has confirmed that this telephone number belongs to Defendant.

15. Desiring to stop the repeated telephone calls, Plaintiff spoke to Defendant in November 2016, telling Defendant she was disabled and therefore could not work, and requested that the calls cease.

16. Once Defendant was aware its calls were unwanted any further calls could only have been for the purpose of harassment.

17. However, Defendant failed to restrict its calls to Plaintiff's cellular telephone number and continued to call Plaintiff through December 2016.

18. During this time, Defendant also threatened to garnish Plaintiff's wages.

19. Upon information and belief, Defendant did not intend to garnish Plaintiff's wages.

20. Defendant would also call at inconvenient times, such as prior to 8:00am and after 9:00pm, and while she was at doctor's appointments.

21. After the calls to Plaintiff's cellular telephone continued despite her request to stop calling, Plaintiff had no choice but to block calls from Defendant's number.

22. Finally, Defendant failed to send Plaintiff correspondence setting forth her rights pursuant to the FDCPA within five days of its initial contact with her.

## COUNT I
## <u>DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA</u>

23. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

24. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

25. Defendant violated §§1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff, and continued to call after knowing its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED §§1692e, 1692e(4), 1692e(5) and 1692e(10) OF THE FDCPA

26. A debt collector violates §1692e when it uses false, deceptive or misleading representation or means in connection with the collection of the alleged debt.

27. A debt collector violates §1692e(4) when it represents or implies that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

28. A debt collector violates §1692e(5) when it threatened to take action that cannot legally be taken or is not intended to be taken

29. A debt collector violates §1692e(10) when it used false representation or deceptive means to collect or attempt to collect the alleged debt, or to obtain information concerning the Plaintiff.

30. Defendant violated §§ 1692e, 1692e(4), 1692e(5), and 1692e(10) when it threatened to garnish Plaintiff's wages without the intent to take such action.

## COUNT III
## **DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA**

31. A debt collector violates § 1692c(a)(1) if without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, it contacts a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

32. Defendant violated § 1692c(a)(1) when it contacted Plaintiff prior to 8:00AM and after 9:00pm.

## COUNT VII
## **DEFENDANT VIOLATED §1692g OF THE FDCPA**

33. A debt collector violates §1692g of the FDCPA by failing to send the consumer a written notice, within five days after the initial communication with the consumer, containing all of the following: the amount of the debt, the name of the creditor to whom the debt is owed, a statement that unless the consumer disputes the debt within thirty days after receiving this written notice, the debt will be taken as valid by the debt collector, a statement that if the consumer does notify the debt collector that s/he disputes the debt, the debt collector will obtain and mail out verification of the debt, or a copy of any existing judgment, a

statement that, upon the consumer's written request, the debt collector will provide the name and address of the original creditor.

34. Defendant violated § 1692g when it failed to send Plaintiff the required written notice within five days after the initial communication with her.

WHEREFORE, Plaintiff, DEBRA SCOTT, respectfully prays for judgment as follows:

    a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DEBRA SCOTT, demands a jury trial in this case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Respectfully submitted,

Dated: August 1, 2017        By: /s/ Amy L. Bennecoff Ginsburg, Esq.
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT